Matter of Westchester Plaza Tenants Coalition v New York State Div. of Hous. & Community Renewal

2026 NY Slip Op 02660

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Westchester Plaza Tenants Coalition, appellant,

v

New York State Division of Housing and Community Renewal, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-01057, (Index No. 58338/21)

Lara J. Genovesi, J.P.

William G. Ford

Lourdes M. Ventura

Susan Quirk, JJ.

Collins, Dobkin & Miller, LLP, New York, NY (Seth A. Miller of counsel), for appellant.

Mark F. Palomino, New York, NY (Kathleen Lamar of counsel), for respondent New York State Division of Housing and Community Renewal.

Rosenberg & Estis, P.C., New York, NY (Ethan R. Cohen, Blaine Schwadel, and Zachary Rothken of counsel), for respondent Westchester Plaza Holdings, LLC.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated April 23, 2021, which upheld a determination of a Rent Administrator dated December 10, 2019, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated December 22, 2021. The judgment denied the petition and dismissed the proceeding.

ORDERED that the judgment is reversed, on the law, with costs, the proceeding is reinstated, the petition is granted, the determination dated April 23, 2021, is annulled, and the matter is remitted to the New York State Division of Housing and Community Renewal for a new determination in accordance herewith.

In June 2021, the petitioner, a coalition of tenants from several rent-stabilized apartment buildings, commenced this CPLR article 78 proceeding to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated April 23, 2021. The determination upheld a Rent Administrator's determination dated December 10, 2019, which was in favor of the property owner, the defendant Westchester Plaza Holdings, LLC (hereinafter the owner), in connection with the owner's application for modification of essential services, namely, a swimming pool and related facilities. In a judgment dated December 22, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Jamaica Seven, LLC v New York State Div. of Hous. & Community Renewal, 235 AD3d 753, 754 [internal quotation marks omitted]; see Matter of Kings Park 148, LLC v New York State Div. of Hous. & Community Renewal, 235 AD3d [*2]754, 755). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 667-668 [internal quotation marks omitted]; see Matter of Troiano v Schroeder, 232 AD3d 801, 802).

With respect to properties which are rent-stabilized pursuant to the Emergency Tenant Protection Act of 1974 (ETPA) (McKinney's Uncons Laws of NY § 8621 et seq.), the DHCR's regulations provide that "[a]n owner may file an application to decrease essential services for a reduction of the legal regulated rent, or to modify or substitute essential services at no change in the legal regulated rent," on specified grounds (9 NYCRR 2502.4[d]). "Essential services" are "[t]hose services which the landlord was maintaining, or which he was obligated to maintain, on May 29, 1974. These may include, for example, any or all of the following: repairs, decorating and maintenance, the furnishing of light, heat, hot and cold water, telephone, elevator service, janitor service, removal of refuse, and garage and parking facilities" (id. § 2500.3[e]).

"DHCR's interpretation of its own governing regulations is typically entitled to 'considerable deference'" (Matter of LL 410 E. 78th St. LLC v Division of Hous. & Community Renewal, 44 NY3d 232, 237, quoting Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 654). "However, that deference is not without limitation: courts may not defer to an agency's interpretation of its own regulations that is 'irrational or unreasonable'" (id., quoting Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 371). The starting point for interpretation of any statute or regulation "'must always be the language itself, giving effect to the plain meaning thereof'" (Esposito v Isaac, 240 AD3d 750, 751, quoting North Shore Cent. Sch. Dist. v Glen Cove City Sch. Dist., 236 AD3d 806, 812).

Here, the Deputy Commissioner was correct that the DHCR had not previously found that the swimming pool, in and of itself, constituted an essential service. However, the DHCR's determination that the Rent Administrator did not err in finding that the pool facilities were not an essential service was arbitrary and capricious, since the record established that the landlord was maintaining the pool facilities on May 29, 1974. While the DHCR had a rational basis to find that tenants' use of the pool facilities was contingent upon club membership, the record contained no evidence that club membership required anything beyond the payment of fees by participating tenants. The plain meaning of the ETPA and of the DHCR's governing regulations do not support the conclusion that such fees bring the pool facilities outside the scope of essential services (see 9 NYCRR 2500.3[e]; Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal, 185 AD2d 354, 355).

"Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (Matter of Rodriguez v Weiss, 149 AD3d 842, 843 [internal quotation marks omitted]; see Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 209). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative [determination] by substituting what it considers to be a more adequate or proper basis" (Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d 775, 776 [internal quotation marks omitted]; see Matter of Ibhawa v New York State Div. of Human Rights, 42 NY3d 744, 750). Since the DHCR's determination invoked only the aforementioned grounds, only those issues were properly before the Supreme Court for review (see Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d at 776; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 832).

GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court